# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 1:16-00025-KD-N |
| | ) |
| PATRICK STEVEN BLACK, | ) |
|    Defendant. | ) |

## ORDER

This matter is before the Court on Defendant Patrick Steven Black (Defendant Black)'s "Unopposed Motion to Amend, Modify or Correct Sentencing Order." (Doc. 121).

Specifically, on July 5, 2022, Defendant Black moved for this Court to amend, modify, or correct the terms of the March 22, 2022 sentence concerning the revocation of his supervised release term (Doc. 120) because "[i]t was the understanding and belief that the defendant that any time he received for his State Court case would run current with his federal time[]" but "[i]nstead of remaining in federal custody, defendant was transferred back to State custody[.]" (Doc. 121 at 1-2). Defendant Black requests that this Court amend the sentence "so that the sentence imposed will retroactively run concurrent with the one he received in the Circuit Court of Mobile County." (Id. at 2). Per Defendant Black, the motion is also unopposed by the Government. (Id.)

The Court lacks jurisdiction to amend the sentence, even if the Government concurs in Defendant Black's request. As explained by the Eleventh Circuit in U.S. v. Phillips, 597 F.3d 1190, 1194-1196 (11th Cir. 2010) (footnotes omitted, emphasis in original):

> The authority of a district court to modify an imprisonment sentence is narrowly limited by statute. Specifically, § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* §

1

> 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id.* § 3582(c)(2).[] Only § 3582(c)(1)(B) is relevant ... Section 3582(c)(1)(B) provides:
>
>> The court may not modify a term of imprisonment once it has been imposed except that- (1) in any case- ... (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure ....
>
> 18 U.S.C. § 3582(c)(1)(B). The unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35. No party claims any other *statutory* authority is applicable here. Thus, we focus on Rule 35.
>
> Federal Rule of Criminal Procedure 35 significantly restricts how and when a district court may modify an imprisonment sentence ... under Rule 35(a), a court can correct a sentence only for "arithmetical, technical, or other clear error" ... Fed.R.Crim.P. 35(a).

This means that "[o]nce a sentence is imposed, the 'authority of a district court to modify an imprisonment sentence is narrowly limited by statute.'" A district court has *no* "inherent authority" to modify a sentence that has already been imposed. United States v. Diaz–Clark, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). Additionally, Rule 35 of the Federal Rule of Criminal Procedure significantly restricts how and when a district court may modify an imprisonment sentence: "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). This time limit is jurisdictional. Phillips, 597 F.3d at 1196; Diaz–Clark, 292 F.3d at 1319. A review of the record reveals no such error. And notably, Defendant Black's motion was filed more than 14 days after sentencing (more than three (3) months later). Moreover, Rule 35(b) provides for a motion for reduction of a sentence upon substantial assistance. However, the United States has not made such a motion.

Further, despite the assertion that Defendant Black thought his federal sentence would be concurrent with his state sentence, the Court did not run his federal sentence concurrent with any

yet to be imposed state sentence. Rather, at the March 22, 2022 sentencing hearing, counsel for Defendant Black requested six (6) months (which was given) and pointed out to the undersigned that the defendant still had state court cases pending ("[e]ight months, I'd ask you give him six months. He's still got two state cases we have to deal with[]").  This argument implied that the Black understood that he was still facing state time in addition to his federal sentence.

Upon consideration of the foregoing, it is **ORDERED** that Defendant Black's "Unopposed Motion to Amend, Modify or Correct Sentencing Order" (Doc. 121) is **DENIED.**

**DONE** and **ORDERED** this the **6th** day of **July 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**